Tammy Hussin, Esq. (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Marie St. Fort

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marie St. Fort,<br><br>                  Plaintiff,<br><br>        vs.<br><br>Encore Capital Group Inc. d/b/a Asset Acceptance, LLC; Asset Acceptance, LLC; and DOES 1-10, inclusive,<br><br>                  Defendants. | Case No.:  **'13CV1837 JM   JMA**<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ.*;**<br>**2. VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET. SEQ.***<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

1

2   For this Complaint, the Plaintiff, Marie St. Fort, by undersigned counsel, states

3   as follows:

4
                                    **PARTIES**
5

6   1.      Defendant, Encore Capital Group Inc. ("Encore") is a corporation with its

7   principal place of business in San Diego, California. Encore operates as a collection

8   agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is

9
    a "person" as defined by 47 U.S.C. § 153(10).
10

11  2.      In June of 2013, Encore purchased all of the assets and liabilities of Asset

12  Acceptance Capital Corporation ("AACC"). As part and parcel to the purchase,

13
    Encore purchased the assets and liabilities of AACC's subsidiaries, including Asset
14

15  Acceptance, LLC ("Asset").

16  3.      During all times herein mentioned, Asset regularly and systematically

17
    engaged in collection activities within this district, and has been routinely called to
18

19  defend itself against litigation filed in the Southern District of California for violations

20  similar to those alleged by Plaintiff.

21
    4.      Asset operates as a collection agency, and is a "debt collector" as the
22

23  term is defined by 15 U.S.C. § 1692a(6), and a "person" as defined by 47 U.S.C. §

24  153(10).

25

26  5.      Plaintiff, Marie St. Fort ("Plaintiff"), is an adult individual and during the

27  times of the events alleged herein resided in Georgia, and is a "consumer" as the term

28

1  is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. §

2  153(10).

3

4      6.     Does 1-10 (the "Collectors") are individual collectors employed by

5  Defendants and whose identities are currently unknown to the Plaintiff.  One or more

6  of the Collectors may be joined as parties once their identities are disclosed through

7

8  discovery.

9      7.     Defendants at all times acted by and through one or more of the

10  Collectors.

11

12                        **JURISDICTION**

13      8.     This action arises out of Defendants' repeated violations of the Fair Debt

14  Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"), violations of the

15

16  Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), and the

17  invasions of Plaintiff's personal privacy by the Defendants and its agents in their

18  illegal efforts to collect a consumer debt.

19

20      9.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

21      10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

22  Encore's principal place of business is within this District, and Asset routinely

23

24  transacts business and is regularly sued in the Southern District and within the State of

25  California.

26

27

28

---

                                 3                      COMPLAINT FOR DAMAGES

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

11.      In or around 2005, Care Credit (the "Creditor") alleged that a financial obligation was due and owing from Plaintiff (the "Debt").

12.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

13.      The Debt was purchased by Asset, and Asset contacted Plaintiff in an attempt to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      The Facts**

14.      Prior to and within the last year, Asset called Plaintiff on her cellular telephone in an attempt to collect the Debt.

15.      Asset called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

16.      Asset used a telephone system that has the capacity to store or produce telephone numbers to be called, and to dial the numbers using a random or sequential number generator.

COMPLAINT FOR DAMAGES

1

2

3

17.     Asset used a prerecorded or automated voice when it placed calls to

Plaintiff on her cellular telephone.

4

18.     Asset left prerecorded or automated messages on Plaintiff's voicemail.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

19.     In its authority to promulgate rules and regulations under the TCPA, the

Federal Communications Commission (FCC) explains the prohibitions on the use of

Predictive Dialers, and defines a Prediction Dialer as "a dialing system that

automatically dials consumers' telephone numbers in a manner that "predicts" the

time when a consumer will answer the phone and a [representative] will be available

to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if

a representative in not "free to take a call that has been placed by a predictive dialer,

the consumer answers the phone only to hear 'dead air' or a dial tone, causing

frustration."  *Id*. In addition, the FCC's rules place prohibitions on companies that

"abandon" some calls by setting "the predictive dialers to ring for a very short period

of time before disconnecting the call. *Id*.

20

21

22

23

24

25

20.     Asset's telephone system has all the earmarks of a Predictive Dialer

discussed by the FCC. Plaintiff oftentimes experienced dead air when she answered

the calls from Asset. Plaintiff often times had to wait several seconds, and said "hello"

several times before her call was connected to a representative. Other times, Asset

disconnected the call prior to transferring Plaintiff to a representative.

26

27

28

1
2
3
4

21.    Plaintiff never provided her cellular telephone number to Asset or any of its predecessors, and never provided her consent to Defendants to be contacted on her cellular telephone.

5
6
7

22.    Plaintiff never provided her cellular telephone number to the Creditor and never provided her consent to the Creditor to be contacted on her cellular telephone.

8
9
10
11
12
13
14

23.    In fact, Plaintiff never wanted to be contacted regarding the alleged Debt and was frustrated that Asset was calling. Prior to Asset's purchase of the Debt, Asset Recovery Services, LLC ("ARS") made attempts to collect the Debt. Plaintiff disputed the validity of the Debt with ARS, and also disputed the Debt with the credit reporting agencies, and at all times challenged the existence of the Debt.

15
16
17
18
19

24.    Just as she had done with ARS, Plaintiff disputed the validity of the Debt with Asset, and provided a detailed explanation of the nature of her dispute and that she had disputed the Debt with the credit reporting agencies. Plaintiff directed Asset to cease all communications; however, Asset continued to call Plaintiff.

20
21
22
23
24

25.    Plaintiff answered numerous calls from Asset in an attempt to get the calls to stop, and each time was forced to repeat her explanation of the invalidity of the Debt to a different collector. Plaintiff made it abundantly clear to each collector that she had no intent to pay the invalid Debt.

25
26
27
28

6                      COMPLAINT FOR DAMAGES

26. Despite Plaintiff's requests to stop calling and her unambiguous expression of her refusal to pay, Asset continued to call Plaintiff at an excessive and harassing rate, sometimes calling Plaintiff on a daily basis and multiple times a day.

27. At the time Asset communicated with Plaintiff, the Debt was past the statute of limitations.

28. In violation of its Consent Agreement entered into with the Fair Trade Commission, Asset failed to inform Plaintiff during discussions that the Debt was past the statute of limitations and was no longer legally enforceable.

29. Although the parties engaged in detailed discussions regarding Plaintiff's dispute, and Asset knew that Plaintiff had disputed the Debt with ARS and the credit reported reporting agencies, Asset nonetheless thereafter reported the Debt to the credit reporting agencies as a past due account, and failed to report that the Debt was disputed.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Knowing that its calls would not result in the collection of the Debt, Asset caused Plaintiff's phone to ring at an excessive and harassing rate in violation of 15 U.S.C. § 1692d(5).

1

2

3

32. In failing to report the Debt as disputed, Asset's conduct violated 15 U.S.C. § 1692e(8).

4

5

33. Asset's conduct violated 15 U.S.C. § 1692e(2) in that Asset misrepresented the character, amount and legal status of the Debt.

6

7

8

34. Asset's conduct violated 15 U.S.C. § 1692f in that Asset used unfair and unconscionable means to collect a debt.

9

10

11

35. The foregoing acts and omissions of Asset constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

12

36. The Plaintiff is entitled to damages as a result of Asset's violations.

13

14

15

**COUNT II**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et seq.***

16

17

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18

19

20

21

38. Without prior express consent, Defendants contacted Plaintiff on her cellular telephone using ATDS and/or a prerecorded or automated voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

22

23

24

25

39. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26

27

28

COMPLAINT FOR DAMAGES

1

2

3

40.     The calls from Defendants were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

4

5

6

7

8

9

41.     Defendants placed automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call her number and continued to call despite multiple requests to stop. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

10

11

12

13

42.     As a result of each negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each, pursuant to 47 U.S.C. § 227(b)(3)(B).

14

15

16

17

43.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

18

19

**PRAYER FOR RELIEF**

20

21

22

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

23

24

A. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

25

26

27

B. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

28

1

2

3
    C.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C) against

        Defendants;

4
    D.  Punitive damages; and

5
    E.  Such other and further relief as may be just and proper.

6

7
          **TRIAL BY JURY DEMANDED ON ALL COUNTS**

8

9
DATED:  August 8, 2013      TAMMY HUSSIN

10
          By:___*/s/   Tammy Hussin*_____

11
          Tammy Hussin, Esq.
          Lemberg & Associates, LLC

12
          Attorney for Plaintiff Marie St. Fort

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES